# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 21, 2008

Charles R. Fulbruge III
Clerk

No. 07-20257
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EDGAR MONDRAGON-NIETO,
Also Known as Jose Orozco, Also Known as Edgar Nieto Mondragon,
Also Known as Michael Stephen Gonzales, Also Known as Edgar N Mondragon,
Also Known as Miguel Angelo Martinez,
Also Known as Michael Angelo Cruz Martinez,
Also Known as Michael Mondragon, Also Known as Juan Gonzalez Martinez,
Also Known as Michael Martinez, Also Known as Edgar Mondragon Nieto,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-434-1

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Edgar Mondragon-Nieto appeals his forty-eight-month sentence for being found unlawfully present in the United States following deportation. He argues that the district court erred in departing upward pursuant to U.S.S.G. § 4A1.3, p.s., because his placement in Criminal History Category VI did not substantially underrepresent the seriousness of his past criminal conduct and did not fail to take into account the likelihood of his committing other crimes. He asserts that the district court failed to consider the non-serious nature of his prior convictions and improperly considered other criminal conduct, for which he was not convicted. He also contends that the court abused its discretion in making a departure based on an unwarranted five-level increase in his offense level. He further avers that the court failed to consider the disparity in sentencing him to a term of imprisonment that was twice the sentence at the lower end of the sentencing guideline range.

Sentencing courts retain the duty, post Booker, to consider the sentencing guidelines range along with the 18 U.S.C. § 3553(a) factors. United States v. Booker, 543 U.S. 220, 264 (2005); United States v. Mares, 402 F.3d 511, 517-18 (5th Cir. 2005). This court reviews the sentences for unreasonableness. United States v. Smith, 440 F.3d 704, 706 (5th Cir. 2006). "[T]he district court's decision to depart upwardly and the extent of that departure [are reviewed] for abuse of discretion." United States v. Zuniga-Peralta, 442 F.3d 345, 347 (5th Cir.) (internal quotations and citations omitted), cert. denied, 126 S. Ct. 2954 (2006). An upward departure is permissible if there is reliable information suggesting that the seriousness of the defendant's criminal history or the likelihood of recidivism

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is not adequately represented by the applicable sentencing guideline range. § 4A1.3(a)(1).

The record supports the determination that Mondragon-Nieto's conduct reflected the likelihood that he would continue to put the community at risk and rebuts his assertion that his prior convictions were not serious in nature. A review of the presentence report reflects that in committing several of his offenses, he put other persons at substantial risk of sustaining serious bodily harm.

The record also shows that the district court properly applied the guidelines in departing. Section 4A1.3(a)(4)(B) provides that if the district court finds that the extent and nature of the defendant's criminal history warrants a departure from Criminal History Category VI, "the court should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case."

The court gave specific reasons why it was moving up five offense levels on the sentencing table. The court stated that it had considered that Mondragon-Nieto had ten points more than necessary to be placed in Category VI, that two additional points had been removed from the calculation because he had incurred more than the allowable number of points, that it was his third federal conviction of the same general type, and that he had been deported on five prior occasions. The court also stated that it had considered the purposes of § 3553(a), particularly, the protection of the public, just punishment, and sufficient drug rehabilitation time to avoid future abuse.

The court made a brief reference to the fact that Mondragon-Nieto had numerous instances of other criminal conduct, including immigration violations, that were not factored into the criminal history calculation. Mondragon-Nieto is correct that a district court cannot rely on a prior arrest without a conviction in making an upward departure. § 4A1.3(a)(3). It may, however, consider prior similar adult criminal conduct that did not result in a criminal conviction.

§ 4A1.3(a)(2)(E); United States v. Jones, 444 F.3d 430, 434 (5th Cir.), cert. denied, 126 S. Ct. 2958 (2006). Thus, the court could consider Mondragon's prior immigration violations.

Insofar as the court may have considered other prior arrests that did not result in a conviction, such error is not reversible unless a review of the record as a whole shows that the court would have imposed a different sentence but for the error. Williams v. United States, 503 U.S. 193, 202-03 (1992). The record reflects that the court considered many factors other than Mondragon-Nieto's other criminal conduct in making the upward departure. The record does not show that the court would have imposed a different sentence but for the error in applying the guidelines.

The fact that the court did not mention the possible disparity in sentencing is not ground to vacate the sentence, because the court is not required to engage in "robotic incantations that each statutory factor has been considered." Smith, 440 F.3d at 707 (internal quotations and citations omitted). In light, however, of Mondragon-Nieto's serious criminal history, it is not likely that other defendants in his guideline category are in a similar position.

Mondragon's past criminal history was sufficiently egregious to warrant an upward departure. See Zuniga-Peralta, 442 F.3d at 347-48. The reasons provided by the district court met the objectives of § 3553(a) and are justified by the facts of the case. The court did not abuse its discretion in departing upward. The judgment of sentence is AFFIRMED.